IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| CARL EMMETT WYATT, #211 315 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-897-MHT |
| | | (WO) |
| HON. WHIT MONCRIEF, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate in the custody of the Alabama Department of Corrections, filed this action on October 5, 2006, against the Honorable Whit Moncrief and the Honorable John Bush. Plaintiff requests that this court issue an order directing Defendants to enter rulings on and/or enforce the provisions of Rule 32, Ala.R.Crim.P., with regard to his post-conviction petition now pending before Defendants in state court.  (Doc. No. 1.)

Considered review compels the court to conclude that the complaint should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Request for Mandamus Relief*

To the extent Plaintiff seeks mandamus relief through an order compelling Defendants to take a particular action in his pending state post-conviction petition, this court cannot grant the requested relief. The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The phrase "in aid of their respective jurisdictions" does not empower a district court to create jurisdiction where none exists."To the contrary, a court may issue orders under the Act only to protect a previously and properly acquired jurisdiction." *Gehm v. New York Life Ins. Co.,* 992 F. Supp. 209, 211 (E.D.N.Y. 1998).

Federal district courts do have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a specific duty, 28 U.S.C. § 1361, but they lack jurisdiction to compel action by state courts and officials in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973); *Davis v. Lansing,* 851 F.2d 72, 74 (2nd Cir. 1988); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, this federal district court has no mandamus jurisdiction over the Defendant state employees and, therefore, lacks authority to compel them to perform the action Plaintiff requests.

*B. The § 1983 Claims*

To the extent Plaintiff seeks injunctive relief under 42 U.S.C. § 1983 for the conduct and/or actions of Judges Moncrief and Bush, this court lacks jurisdiction. A federal court lacks jurisdiction to grant relief under 42 U.S.C. § 1983 on challenges to state court decisions cases arising out of state court proceedings even if the allegation is unconstitutionality of the state action. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254; *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Nor can such an action be used to compel a particular action by the state court. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley*, 411 F.2d at 587.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED for lack of jurisdiction and that this action be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 23, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of October 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE